IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0109-10





JAMES BLACKMAN, Appellant


 

v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION 



 The majority claims that the court of appeals misapplied the Jackson v. Virginia
standard, but the majority misreads what the court of appeals did. Rather than looking at
the evidence in the wrong light, as the majority asserts, the court of appeals applied the
appropriate standard and simply did not believe that there was enough evidence for a
rational trier of fact to find an affirmative link between appellant and the cocaine. See
Blackman v. State, No. 01-08-00138-CR, 2009 Tex. App. LEXIS 9717 (Tex.
App.--Houston [1st Dist.] Dec. 22, 2009).

 The court of appeals cited and thoroughly explained the appropriate standard of
review under Jackson v. Virginia. Id. at *7-10. Additionally, the court correctly stated
what the State was required to show to prove that appellant was guilty of the charged
crime, including that appellant's connection to the cocaine "was more than just
fortuitous." Id. at *10-16. It is particularly telling that the court of appeals's detailed
discussion of the legal rules closely reflects the majority's own articulation of the
pertinent laws. 

 Then, in applying the Jackson standard, the court of appeals began with the
essential element of an affirmative link, and it properly considered "whether any rational
trier of fact could have found the essential elements of the offense beyond a reasonable
doubt." (1) Id. at *7. The court considered each piece of evidence presented by the State
and "the 'logical force' they create." Id. at *23. It recognized that some of the factors
relied upon by the State may be probative of, for example, appellant's link to the other co-defendants or his link to the luggage in the car, but none of the evidence, considered
separately or together, is logically probative of the link between appellant and the
cocaine, which is critical to this case. The court explained that "the State has presented
some 'potential linking factors' that 'might raise suspicion' but which do not have the
logical force necessary to actually link appellant to the cocaine." Id. at *33 (citing
Roberson v. State, 80 S.W.3d 730, 742 (Tex. App.--Houston [1st Dist.] 2002, pet.
ref'd)). Consequently, it concluded that "[e]ven when viewed together in the light most
favorable to the verdict, the factors relied upon by the State 'do not create the logical
force necessary to allow a rational juror to find, beyond a reasonable doubt,' that
appellant exercised knowingly actual care, custody, control, or management over the
cocaine." Id. at *34. 

 Determining that there was not enough evidence to prove an affirmative link
between appellant and the cocaine is not the same thing as misapplying the Jackson
standard. (2) The court of appeals did not believe that the evidence satisfied the Jackson
standard--a rational juror could not have found an essential element (an affirmative link
connecting appellant and the cocaine) beyond a reasonable doubt. "The bottom line is
that, when viewed in a light most favorable to the verdict, the factors relied on by the
State do not establish a link between appellant and the cocaine that generates a reasonable
inference that he exercised care, custody, control, or management over it." Id. at *34 n.7. For these reasons, I respectfully dissent.

 Meyers, J.

Filed: April 13, 2011

Publish

1. The court of appeals did not, as the majority claims, misapply Jackson and instead ask
"itself whether it believed that the evidence is sufficient to support appellant's guilt." 
2. The majority suggests in a footnote that "the court of appeals applied a thirteenth-juror,
evidentiary-weight standard," but it seems that the majority opinion fits this scenario more than
the court of appeals's opinion.